COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-015-CR

FRANK JAMES MCALEER III APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

I. Introduction

In four points, Appellant Frank James McAleer III appeals his conviction for indecency with a child.  We affirm.

II. Factual Background and Procedural History

On the afternoon of August 25, 2004, Gloria Aguilar was washing her laundry at the Quick Wash laundromat with the help of her son and daughter when she saw a man, later identified as McAleer, with both hands inside his shorts “playing with . . . his penis.”  Afraid, Aguilar told her daughter to stay close and not to go outside.  She also told Martha Chavez, another Quick Wash patron, who was there with her two-year-old son and three-year-old niece, to keep a close eye on them and further explained what she had witnessed. 

After hearing this, Chavez went to check on the children who were playing around the corner from her in the laundromat.  Chavez testified that when she turned the corner she saw McAleer with his pants pulled down and about one-inch of his penis exposed.  She further stated that McAleer was directing his actions at her three-year-old niece and another little girl about five-years old who were playing ring-around-the-rosy three feet away from him. Chavez testified that both children noticed and reacted to McAleer’s display. The older child made a face while the three-year-old stared in shock.

When McAleer noticed Chavez was watching, he pulled up his shorts and went outside where he got on a pink little girl’s bike.  Chavez immediately called the police and gave them a description of McAleer.  Officer Lang arrived at the scene and found McAleer outside the laundromat wearing only a bathing suit that was about two sizes too big, untied, and hanging low enough that you could see his pubic hair.

McAleer was placed under arrest and charged with the offense of  indecency with a child.  At trial, the jury found McAleer guilty and the judge sentenced him to twenty years’ confinement.

 
III. Discussion

The statute under which McAleer was convicted reads in pertinent part, 

A person commits an offense if, with a child younger than 17 years and not the person’s spouse, whether the child is of the same or opposite sex, the person, with intent to arouse or gratify the sexual desire of any person, exposes the person’s anus or any part of the person’s genitals, knowing the child is present.

Tex. Penal Code Ann.
 § 21.11(a)(2)(A) (Vernon 2003).  In four points, McAleer contends that the evidence at trial was legally and factually insufficient to sustain the conviction; specifically, he argues that the evidence was legally and factually insufficient to prove beyond a reasonable doubt that he acted with the intent to arouse or gratify the sexual desire of any person.  Because each of McAleer’s four points is interrelated our discussion of those points will be combined.  

A. Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).
  
In a sufficiency review, the jury’s inference of intent is afforded more deference than the evidence supporting proof of conduct.  
Margraves
, 34 S.W.3d at 919.  Circumstantial evidence of a defendant’s guilty knowledge is not “required to meet the same rigorous criteria for sufficiency as circumstantial proof of other offensive elements.”  
Id
. (quoting 
Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the legal sufficiency of the evidence to show an appellant’s intent, and faced with a record that supports conflicting inferences, we “must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.”  
Matson v. State
, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414–15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding on factual insufficiency grounds must detail all the evidence and clearly state why the finding in question is factually insufficient and under which ground.  
Goodman v. State
, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); 
Johnson
, 23 S.W.3d at 7.

B. Application 

Reviewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found the essential elements of indecency with a child beyond a reasonable doubt.  
See
 
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
,165 S.W.3d at 693.  Although there was arguably some conflicting evidence as to McAleer’s intent, we must presume that the jury resolved any such conflict in favor of the prosecution and defer to that resolution.  
See Matson
, 819 S.W.2d at 846.  The jury’s determination that McAleer had knowledge of the children’s presence and that his intent was to arouse or gratify his sexual desire could be inferred from Chavez’s testimony that McAleer had exposed himself in front of two children playing only three feet away.  
See Margraves
, 34 S.W.3d at 919; 
see also Brown
, 911 S.W.2d at 747.  Therefore, we hold there was legally sufficient evidence to support McAleer’s conviction.  McAleer’s first and third points are overruled.  

Likewise, after our review of all the evidence in a neutral light, favoring neither party, we conclude that the evidence supporting McAleer’s conviction is also factually sufficient.  
Watson
, 204 S.W.3d at 414–15
. 

The State contends that the jury was entitled to conclude from the testimony given at trial that McAleer intended to arouse or gratify himself.  For example, the State’s witness Aguilar, testified that she had seen McAleer with both of his hands inside his shorts “playing with . . . his penis.”  Another State witness, Chavez, testified that McAleer had pulled his shorts down and exposed his penis to two girls only three feet from him.  McAleer on the other hand, argues that there is not any evidence to support the jury’s finding because the evidence does not reflect that he was erect, masturbating, or performing any other act which would indicate intent to arouse or gratify sexual desire.  However, the State is not required to show any of these things.  
See Gregory v. State
, 56 S.W.3d 164, 171 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. dism’d) (acknowledging that no oral expression of intent or visible evidence of sexual arousal is necessary).  

Here, the jury agreed with the State.  We may not simply substitute our judgment for the jury’s.  
Johnson
, 23 S.W.3d at 12; 
Cain
, 958 S.W.2d at 407.  Under these facts, the record does not clearly reveal that a different result was appropriate. 
 Johnson
, 23 S.W.3d at 8.

Therefore, we hold the evidence supporting McAleer’s conviction was not so weak that the jury’s determination was clearly wrong and therefore, manifestly unjust. 
 See
 
Watson
, 204 S.W.3d at 414–15, 417
; 
Johnson
, 23 S.W.3d at 11.  McAleer’s second and fourth points are overruled.  

IV. Conclusion 

Having overruled McAleer’s four points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 25, 2007

FOOTNOTES
1:
See
 Tex
. R. App. P.
 47.4.